John E. RYAN et al., Plaintiffs,

v.

OCEAN TWELVE, INC., a Delaware corporation, Defendant.

Court of Chancery of Delaware, Sussex.

Oct. 2, 1973.

James D. Griffin, Georgetown, for plaintiffs.

Paul R. Reed, Georgetown, for defendant.

BROWN, Vice Chancellor.

This matter is before the Court upon the motion of the Defendant to dismiss for lack of jurisdiction. The basis for the motion is that Plaintiffs have an adequate remedy at law. 10 Del.C. § 342.

Plaintiffs are the owners of record of the eight residential dwelling units in a condominium known as "Ocean Eight Condominium" located at Bethany Beach. De-

fendant Ocean Twelve, Inc., was the developer and builder of the condominium. It is alleged that at the time the titles to the units were transferred from the Defendant to the various Plaintiffs, the Defendant had not completed all construction work on the residential units. Plaintiffs were allegedly induced to proceed to final settlement, however, by the express representation of Defendant that a list of deficiencies would be compiled as to each unit and that subsequent to final settlement the incomplete work set forth on each list would be completed by Defendant in a timely manner. In addition, each of the purchasing Plaintiffs were provided with an "Agreement of Warranty" setting forth the guarantees of Defendant against defective material and workmanship.

The complaint goes on to allege that certain of the warranties have been breached and that, despite numerous oral and written complaints to Defendant, the incomplete work set forth on the various lists has not been finished and defects have not been corrected. Among the things complained of is that the air conditioning system is defective in that it does not maintain the required temperature range and leaks large quantities of water throughout the units causing damages to the walls and possessions of Plaintiffs. The roof, which was supposed to be utilized as a sun deck, is said to have developed blisters which prevents such use, and it also leaks. Appliances installed by Defendant were not covered by normal manufacturer's service warranties and Defendant is said to have refused to correct defects in them. The central sewage system is claimed to be faulty in that it emits excessive noise and foul and nauseating odors. It is also contended that Defendant has not installed the type of driveway promised and that the seawall was not properly secured to the pilings.

Each set of Plaintiffs has attached to the complaint a separate list setting forth the work felt to be unfinished by the Defendant. Collectively, these lists cover a

myriad of ills, ranging from leaky windows and chipped formica to wobbly towel racks and a defective ice maker.

Plaintiffs seek an order of specific performance to require Defendant to perform its obligations under the agreement to complete as well as the warranty, or in the alternative a judgment for compensatory and punitive damages. As noted previously, Defendant contends that this Court has no jurisdiction because the Plaintiffs have an adequate remedy at law to recover their money damages, if in fact they are entitled to any.

From the foregoing it is obvious that Plaintiffs seek specific performance of various building and construction commitments and an agreement of warranty pertaining thereto. As a general rule, a court of equity will not order specific performance of a building contract in a situation in which it would be impractical to carry out such an order unless there are special circumstances or the public interest is directly involved. Northern Delaware Industrial Development Corporation v. E. W. Bliss Co., Del.Ch., 245 A.2d 431 (1968); Restatement, Contracts § 371. See also 4 Pomeroy, Equity Jurisprudence § 1402.

While there are exceptions to this general rule, it may be safely said that even where specific performance is ordered there is an implied condition precedent that the terms of the obligation be fixed and certain and that there is a construction plan "so precisely definite as to make compliance therewith subject to effective judicial supervision." Northern Delaware Industrial Development Corporation v. E. W. Bliss Co., supra; Wilmont Homes, Inc. v. Weiler, Del.Supr., 202 A.2d 576 (1964). Compare Lee Builders v. Wells, 33 Del.Ch. 315, 92 A.2d 710 (1952) where the builder sought specific performance to compel the purchasers to go through with the transaction and stood ready to complete the dwelling according to the existing construction plans and agreement.

Here, the owners of eight separate condominium units seek to have the developer fix or complete a variety of alleged defects which differ in degree, and no doubt complexity, as to each unit. It is an inescapable conclusion that in each case whether or not a defect is completed will depend greatly upon the eye and taste of a given Plaintiff. If all the allegations of defects and incomplete work are accurate, it would undoubtedly require a considerable period of time and involve a series of corrective acts on the part of the Defendant to effect satisfaction. When these elements are present, where compensatory damages to cover the costs of correcting the wrongs can bring about the same ultimate relief, and where there are no special circumstances existing which would render money damages inadequate, equity will generally not assume jurisdiction. 13 Am.Jur.2d, 105, Building & Construction Contracts § 112.

I am therefore of the opinion that it would be inappropriate to grant specific performance in this case in view of the apparent complexities of the situation and the disparity, duration and nature of the work to be performed if the allegations are true. Effective enforcement by the Court under such circumstances would be impractical, and, no doubt, improbable.

The motion to dismiss will be granted, subject to the right of the Plaintiffs to transfer their action to the Superior Court, if they so desire, pursuant to 10 Del.C. § 1901. Order on notice.