IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MERCURY PARTNERS MANAGEMENT, LLC, as Representative of the Former Securityholders of COURIER THERAPEUTICS, INC., | § § § § § | No. 29, 2024<br><br>Court Below: Court of Chancery of the State of Delaware |
| Plaintiff Below, Appellant, | § § § § | C.A. No. 2023-0318 |
| v. | § § | |
| VALO HEALTH, INC., | § § § | |
| Defendant Below, Appellee. | § | |

Submitted:  February 6, 2024
Decided:    March 26, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)    In 2021, appellee, Valo Health, Inc., purchased the shares and share options of Courier Therapeutics, Inc. under a securities purchase agreement (the "SPA").  The consideration that Valo paid to acquire Courier included milestone payments and equity grants that were contingent on Valo's successful development of Courier's cancer-therapy drug.  The SPA therefore required Valo to use commercially reasonable efforts to develop and obtain marketing approval for the

drug.  The SPA also contained a provision authorizing each of the parties to the contract to seek specific performance of any other party's covenants and agreements, including the efforts provision.

(2)     In March 2023, the appellant, Mercury Partners Management, LLC, as representative of Courier's former securityholders, filed suit against Valo in the Court of Chancery, alleging that Valo breached the SPA's efforts provision.  The amended complaint asserted two causes of action against Valo.  The first cause of action alleged that Valo breached the SPA and sought specific performance of Valo's obligation to exercise commercially reasonable efforts to develop the drug. The second cause of action sought damages for Valo's alleged breaches of contract. Valo moved to dismiss the first cause of action on the grounds that (i) Mercury's request for damages was tantamount to an admission that it had an adequate remedy at law, and (ii) the obligation to use commercially reasonable efforts to develop a cancer drug was too extensive and open-ended to allow the court to craft and enforce an order of specific performance.

(3)     At the conclusion of oral argument on the motion to dismiss, the Court of Chancery granted the motion.  The court held that an order requiring Valo to use commercially reasonable efforts to develop and commercialize a cancer therapy for up to ten years would be too indefinite to provide Valo the necessary notice as to the

requirements of the order and what actions might constitute contempt.[1] The court concluded that the remedy of specific performance in the circumstances of this case would be "simply not workable" and "nearly impossible."[2] The court further held that, although the SPA permitted a party to seek specific performance, it did not require the court to order specific performance where that remedy would be unworkable.[3] Finally, the court determined that, without the equitable remedy of specific performance, the court lacked subject matter jurisdiction over the case. The court therefore dismissed the case, without prejudice to transfer under 10 *Del. C.* § 1902.

(4) Mercury now seeks interlocutory review. The Court of Chancery declined to certify an interlocutory appeal. The court held that its ruling did not

---

[1] *Mercury Partners Mgmt., LLC v. Valo Health, Inc.*, C.A. No. 2023-0318, Docket Entry No. 59, Transcript of Argument and Ruling on Motion to Dismiss, at 38-42 (Del. Ch. Jan. 5, 2024) [hereinafter, Transcript Ruling]; *see also Mercury Partners Mgmt., LLC v. Valo Health, Inc.*, 2024 WL 413784, at *2 (Del. Ch. Feb. 5, 2024) ("The Ruling concluded the requested remedy of specific performance to use commercially reasonable efforts to develop and commercialize a cancer therapy for up to ten years was too indefinite, as it could not offer [Valo] the necessary notice as to the requirements of that order and what actions might be contemptuous under that order.").

[2] Transcript Ruling, *supra* note 1, at 39; *see also id.* at 40 ("Even reading the [efforts] clause to say that it provides some guardrails as to what needs to be performed, specific performance is simply unworkable and doesn't offer the necessary clarity. So I think it is not premature [to dismiss the request for specific performance] in these extreme circumstances in this case.").

[3] *Id.* at 39; *see also Mercury Partners*, 2024 WL 413784, at *2 (stating that the court "concluded that specific performance was so plainly unavailable that it could be rejected at the pleading stage" after "engaging with SPA Section 8.6, which permits [Mercury] to seek specific performance of [Valo's] covenants and agreements;" recognizing that "a court is not required to enforce a specific performance provision;" and concluding that Valo had met its burden to establish a persuasive, case-specific reason why the specific-performance provision should not be respected (internal quotations and citation omitted)).

3

decide substantial issues of material importance meriting appellate review before final judgment because it was merely a "case-specific application of longstanding precedent" that "presents no risk" to efforts clauses and specific-performance stipulations generally.[4] The court also determined that none of the considerations set forth in Supreme Court Rule 42(b)(iii) favored certification. Specifically, the court rejected Mercury's contention that the decision involved a question of law resolved for the first time in Delaware[5]—namely, "whether the Court can conclude at the pleading stage that the specific performance decree sought would, under any reasonably conceivable set of facts, be too indefinite and require too much judicial supervision"[6]—and noting that the Court of Chancery "routinely evaluates the availability of equitable remedies at the pleading stage, and in fact has a mandate to do so to preserve the borders of its subject matter jurisdiction."[7] The court also determined that the ruling did not conflict with other decisions of the trial courts,[8] observing that the court had considered and distinguished the decisions on which Mercury relied.[9] Finally, the court concluded that interlocutory review would not

---

[4] *Mercury Partners*, 2024 WL 413784, at *4.

[5] DEL. SUPR. CT. R. 42(b)(iii)(A).

[6] *Mercury Partners*, 2024 WL 413784, at *4.

[7] *Id.* at *4 n.32 (citing cases); *see also id.* at *4 (discussing pleading-stage dismissal of request for specific performance because the situation was too complex in *Ryan v. Ocean Twelve, Inc.*, 316 A2d 573 (Del. Ch. 1973)).

[8] DEL. SUPR. CT. R. 42(b)(iii)(B).

[9] *Mercury Partners*, 2024 WL 413784, at *5.

serve considerations of justice[10] because, among other reasons, the prospect that specific performance could prevent loss of an underlying patent license was "too uncertain to 'outweigh the certain costs that accompany an interlocutory appeal.'"[11]

(5)    We agree with the Court of Chancery that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of this Court.[12]  In the exercise of its discretion and giving great weight to the Court of Chancery's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).   Exceptional circumstances that would merit interlocutory review of the decision of the Court of Chancery do not exist in this case,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal. Mercury remains free to pursue its breach of contract claim in the Superior Court.[14]

---

[10] DEL. SUPR. CT. R. 42(b)(iii)(H).

[11] *Mercury Partners*, 2024 WL 413784, at *5 (quoting DEL. SUPR. CT. R. 42(b)(ii)).

[12] DEL. SUPR. CT. R. 42(d)(v).

[13] *Id.* R. 42(b)(ii).

[14] *See* 10 *Del. C.* § 1902 (providing, in part, that "[n]o civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal.  Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer").  The Court of Chancery stayed Mercury's period to effect a transfer pending this Court's action in this appeal. *Mercury Partners*, 2024 WL 413784, at *6.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice